**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BURBACH AQUATICS, INC., as Successor to ) <br> DAVID F. BURBACH, d/b/a/ BURBACH ) <br> MUNICIPAL & CIVIL ENGINEERING ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF ELGIN, ILLINOIS, ) <br> A Municipal Corporation, ) <br> ) <br> Defendant. ) | Case No.: 08 CV 4061 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Burbach Aquatics, Inc. ("Burbach"), filed a complaint [1] against Defendant, the City of Elgin ("Elgin" or "the City"), alleging that the City breached a contract between the parties. This matter is before the Court on Defendant's motion to dismiss [22] based on statute of limitations grounds. For the reasons stated below, Defendant's motion is respectfully denied.

**I.    Background[1]**

Burbach is a Wisconsin corporation engaged in business as an architectural and engineering firm specializing in the design of aquatic facilities. (Compl. ¶ 1.) Elgin is a municipal corporation organized and existing under the laws of the State of Illinois and located in Kane County, Illinois. (*Id.* ¶ 2.) On or about March 8, 1995, Burbach's predecessor in interest, David F. Burbach, d/b/a Burbach Municipal and Civil Engineers, entered into a written contract, pursuant to which Burbach agreed to renovate and replace certain municipal pools and bathhouses in the City. (*Id.* ¶ 5.) The City agreed to pay Burbach in exchange for providing

---

[1] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

these engineering services. (*Id*.) Burbach provided all of the services required by the contract and performed all conditions precedent to receive payment under the contract (*id*. ¶ 6); however, the City has failed and refused to pay for the services rendered. (*Id*. ¶ 7.)

On July 17, 2008, Burbach filed this breach of contract action against the City seeking a judgment for $135,559.72 plus interest at the rate of 18% per annum. (*Id.* at 2.) The City seeks dismissal of Burbach's complaint on the grounds that Burbach's claim is time barred by two separate statutes of limitations: 735 ILCS 5/13-206, a ten-year statute of limitations for claims based on written contracts, and 735 ILCS 5/13-214(a), a four-year statute of limitations for claims based on acts or omissions involving the design, management, and supervision of construction projects.

## II.   Legal Standard on a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed R. Civ. P. 8(a) (2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court

accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**III. Analysis**

    **A.    Appropriateness of Dismissal Based on Statute of Limitations Grounds**

As a threshold matter, the Court must address Burbach's claim that the motion to dismiss should be denied because it is based on statute of limitations grounds, an affirmative defense. Because complaints are not required to anticipate affirmative defenses, dismissal under Rule 12(b)(6) on statute of limitations grounds is considered "irregular." *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). However, dismissal is appropriate where a plaintiff pleads itself out of court by establishing that a defendant is entitled to a statute of limitations defense. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (motion to dismiss appropriate where "complaint plainly reveals that an action is untimely under the governing statute of limitations"); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) ("a litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense").

Whether Burbach has pled itself out of court on statute of limitations grounds turns on (1) the facts that Burbach has pled and (2) which statute of limitations applies. The City argues that two statutes of limitations govern Burbach's claim.[2] The first is Section 13-206, which provides, in pertinent part, as follows:

> Except as provided in Section 2-725 of the "Uniform Commercial Code", actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or

---

[2] Section 9.1 of the Contract states that "this Agreement shall be governed by the law of the State of Illinois." (Comp. Ex. A § 9.1.) The Seventh Circuit has held that federal courts located in Illinois must "respect[] a contract's choice-of-law clause as long as the contract is valid and the law chosen is not contrary to Illinois's fundamental public policy." *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 705 (7th Cir. 2004). Therefore, Illinois law governs this dispute.

3

> other evidences of indebtedness in writing * * * shall be commenced within 10 years next after the cause of action accrued.

735 ILCS 5/13-206. "Under Illinois law, an action for a breach of a written agreement accrues when the breach of contractual duty occurs." *ABF Capital Corp. v. McLauchlan*, 167 F. Supp. 2d 1011, 1014 (N.D. Ill. 2001) (citing *Ind. Ins. Co. v. Machon & Machon, Inc.*, 753 N.E.2d 442, 445 (Ill. App. Ct. 1st Dist. 2001)). Therefore, to the extent that Section 13-206 governs Plaintiff's claim, the ten-year limitations period began running when Elgin failed to pay. *Id.* And if Section 13-206 governs and Burbach's complaint establishes that Elgin failed to pay more than 10 years ago, then Burbach has pled itself out of court and dismissal is appropriate.

Elgin argues that Burbach's claim also is barred by Section 13-214(a), which provides, in pertinent part, that:

> Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person brining an action, or his or her privity, knew or should reasonably have known of such act or omission.

735 ILCS 5/13-214(a). If Section 13-214(a) governs and Burbach's complaint establishes that Burbach knew or should have known of the requisite act or omission more than 4 years ago, then Burbach has pled itself out of court and dismissal is appropriate.

### B. Facts Alleged in the Pleadings

To determine whether Burbach has pled itself out of court, the Court must determine which facts constitute the "pleadings" for purposes of this Rule 12(b)(6) motion. For purposes of a Rule 12(b)(6) motion, the Seventh Circuit has held that the pleadings "consist generally of the complaint, any exhibits attached to, and supporting briefs." *Thompson v. Ill. Dept. of Professional Regulations*, 300 F.3d 750, 753 (7th Cir. 2002). More specifically, "the facts asserted in the memorandum filed in opposition to the motion to dismiss, but not contained in the

4

complaint, are relevant to the extent that they could be proved consistent with the allegations." *Evans v. U.S. Postal Service*, 428 F. Supp. 2d 802, 805 (N.D. Ill. 2006) (quoting *Dausch v. Ryske*, 52 F.3d 1425, 1428 n. 3 (7th Cir. 1994)). However, "additional information in the response that is inconsistent with the complaint, expands the plaintiff's case, or concerns new claims and new topics" cannot be considered. *Anzaldua v. Chicago Transit Auth.*, No. 02 C 2902, 2002 WL 31557622, at *2 (N.D. Ill. Nov. 15, 2002). Applying these principles, this Court may consider facts presented in Plaintiffs' response to Defendant's motion to dismiss as part of the "pleadings" only if those facts are consistent with the allegations in the complaint.

The only date set forth in the complaint is March 8, 1995, the date on which the parties entered into the contract. However, in its memorandum in opposition to Elgin's motion to dismiss, Burbach contends that it submitted three invoices, dated May 23, 2001, July 20, 2001, and June 12, 2002, for services performed under the contract. [26 at 2]. Pursuant to Section 11.5.2 of the Contract, payments on those invoices were "due and payable 20 days from the date" on the invoices. (*Id.*) Burbach further contends that Elgin failed and refused to pay these invoices within the required 20 days from their issuance. (*Id.*)

Those additional facts are consistent with the complaint. The complaint alleges that the City breached the contract by failing and refusing to pay the sum of $135,559.72 plus interest for the services provided. The facts asserted in Burbach's brief relating to the invoices simply expand upon the circumstances surrounding the failure to pay alleged in the complaint. Accordingly, the Court may consider those facts in deciding the motion to dismiss.

Accepting those asserted facts as true, the City breached its contractual duty to pay in June 2001, August 2001 and July 2002. To the extent that the ten-year statute of limitations applies, it was triggered in June 2001 at the earliest, which is less than ten years before Burbach

5

filed this action. If the ten-year limitations period applies, the motion to dismiss must be denied. Alternatively, if the four-year limitations period applies, whether Plaintiff's case should be dismissed turns on when Burbach knew or should have known of Elgin's requisite act or omission under Section 13-214(a). The Court therefore must turn to the question of which statute of limitations governs Burbach's claim.

### C. Governing Statute of Limitations

Illinois courts have held that the four-year statute of limitations in "section 13-214 is not applicable to a landowner unless that landowner is actually engaged in the professional planning, supervision or management of a construction project or the construction of an improvement to the property. For purposes of a motion to dismiss, the court must look to the allegations of fact contained in the complaint to determine whether the particular activities the landowner has purportedly engaged in or failed to engage in, as the case may be, fall within the purview of the statute." *Lombard Co. v. Chicago Hous. Auth.,* 587 N.E.2d 485, 489 (Ill. App. Ct. 1st Dist. 1991).

Here, Elgin is the owner of the municipal pools and bathhouses that were the subject of the contract. See Contract at 1. The key question is whether Burbach's claim arises out of Elgin's participation in one of the statutory activities – namely, professional planning, supervision or management of a construction project or the construction of an improvement to the property.

Illinois case law provides some guidance here. In *Lombard*, the defendant housing authority hired the plaintiff building contractor to build an apartment building. The plaintiff sued the defendant to recover incurred costs beyond those contemplated in the contract, alleging that the additional costs were caused by, *inter alia*, the defendant's failure timely to approve or reject

6

shop drawings. 587 N.E.2d at 486-87. The court concluded that the action was within the purview of Section 13-214 because the activity alleged – the failure to timely approve shop drawings – related to the planning, supervision and management of the construction project. *Id.* at 489. Similarly, in *Blinderman Constr. Co. v. Metro. Water Reclamation Dist. of Greater Chicago,* 757 N.E.2d 931 (Ill. App. Ct. 1st Dist. 2001), the court concluded that Section 13-214(a) applied to a breach of contract action in which the plaintiff construction company sought to recover for extra work performed at the direction of the defendant water reclamation district. The court reasoned that because the defendant had the power to order extra work and to direct the time at which the work was performed, it was engaged in supervision or management of a construction project. Moreover, the extra work at issue in the case was performed as a result of the defendant's exercise of its supervisory or management powers. For those reasons, the court concluded that the claim was subject to Section 13-214(a). *Id.* at 935.

Here, the activity of which Burbach complains – Elgin's failure to pay – is not enumerated in the statute and is in no way related to professional planning, supervision or management of a construction project by Elgin. Elgin argues that it is protected by the four-year statute of limitations because the contract gave it certain supervisory and managerial control over the project. But, unlike in *Lombard* and *Blinderman*, Burbach's complaint does not relate to Elgin's acts or omissions in the exercise of those supervisory and managerial powers. Therefore, the Court concludes that Section 13-214(a) does not apply. Illinois courts similarly have refused to apply Section 13-214(a) to claims for failure to pay for construction services. See *Prate Installations, Inc. v. Thomas,* 842 N.E.2d 1205, 1208 (Ill. App. Ct. 2nd Dist. 2006) (holding that Section 13-214(a) did not apply to a claim against homeowners for failure to pay for a new roof, reasoning that "defendants are being sued for their alleged failure to pay a bill rather than for

7

their act or omission in the construction of an improvement to property"); *Paschen Contractors, Inc. v. City of Kankakee,* 819 N.E.2d 353, 361 (Ill. App. Ct. 3rd Dist. 2004) (holding that Section 13-214(a) did not apply to claim that the defendant city failed to pay a general contractor additional compensation provided for by contract where the additional work was not engendered by the defendant in its capacity as supervisor of construction).

The second statute of limitations at issue here, Section 13-206, applies to actions in which liability emanates from a breach of a contract. *Travelers Cas. & Sur. Co. v. Bowman*, 893 N.E.2d 583, 587 (Ill. 2008). Burbach seeks recovery for a violation of Section 11.5.2 of the Contract, which required payment 20 days from the date of the invoice. Therefore, Section 13-206 provides the governing statute of limitations for the breach of contract claim alleged in the complaint.

As explained above, the ten-year statute of limitations under Section 13-206 begins to run when the cause of action accrues, and a cause of action for breach of contract accrues when the breach of contractual duty occurs. Here, the ten-year statute of limitations for each alleged failure to pay began to run 20 days after the date of each of the invoices – namely, June 13, 2001, August 9, 2001, and July 2, 2002. Because the complaint was filed on July 17, 2008, well within ten years of the accrual of each of the alleged breaches of contract, Burbach's claim is not time barred by the governing statute of limitations.

## IV. Conclusion

For the foregoing reasons, the Court denies the Defendant's motion to dismiss.[3]

Dated: July 7, 2009

Robert M. Dow, Jr.
United States District Judge

---

[3] Given that disposition, the Court need not consider Burbach's alternative request for leave to amend its Complaint.