IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BURBACH AQUATICS, INC., as Successor to DAVID F. BURBACH, d/b/a/ BURBACH MUNICIPAL & CIVIL ENGINEERING, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08 CV 4061 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| THE CITY OF ELGIN, ILLINOIS, A Municipal Corporation, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant City of Elgin's ("Defendant") motion *in limine* [80], which seeks to preclude (1) testimony from any non-disclosed witnesses for the Plaintiff, (2) evidence of other lawsuits against Defendant regarding the Lords Park Pool project, and (3) evidence of any funds that Defendant allegedly withheld from its general contractor for the Lords Park Pool project. For the reasons set forth below, the Court denies the motion as moot in regard to (1), denies in part and grants in part the motion with respect to (2), and grants the motion with respect to (3).

**I.      Legal Standard**

A motion *in limine* is a motion "at the outset" or one made "preliminarily." BLACK'S LAW DICTIONARY 803 (8th ed. 2004). The power to rule on motions *in limine* inheres in the Court's role in managing trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Motions *in limine* may be used to eliminate evidence "that clearly ought not be presented to the jury because [it] clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family*

*Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (observing that, when used properly, the motions may sharpen the issues for trial). The party seeking to exclude evidence has the burden of demonstrating that the evidence would be inadmissible for any purpose. *Robenhorst v. Dematic Corp.*, 2008 WL 1766525, at *2 (N.D. Ill. Apr. 14, 2008). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Techs., Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

Because motions *in limine* are filed before the Court has seen or heard the evidence or observed the trial unfold, rulings *in limine* may be subject to alteration or reconsideration during the course of trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989); see also *Luce*, 469 U.S. at 41-42 (ruling that "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling"). In addition, if the *in limine* procedural environment makes it too difficult to evaluate an evidentiary issue, it is appropriate to defer ruling until trial. *Jonasson*, 115 F.3d at 440 (delaying until trial may afford the judge a better opportunity to estimate the evidence's impact on the jury).

## II. Analysis

### A. Non-Disclosed Witnesses

In the draft joint pretrial order, Plaintiff disclosed a list of witnesses whom it will or may call at trial. Plaintiff has stated that it does not intend to call any witnesses not disclosed in that order. Plaintiff therefore has satisfied its witness disclosure obligations. See Fed. R. Civ. P. 26(a). As stated in the Court's standing order on preparing final pretrial orders, any witness not listed in the final pretrial order (with the exception of rebuttal witnesses) will be precluded from testifying unless the party seeking to call that witness establishes good cause. That standard

applies equally to both parties. With that understanding, no ruling on Defendant's first motion *in limine* is necessary and that motion *in limine* is denied as moot.

## B. Evidence of Other Lawsuits Regarding the Lords Park Pool Project

According to Plaintiff, Defendant withheld approximately $131,000 from its general contractor, DHL Development ("DHL"), for failure to timely complete the Lords Park Pool project. Plaintiff further contends that several unpaid subcontractors brought suit against Defendant seeking payment for the work that they had performed.

Defendant seeks to preclude any evidence pertaining to the DHL subcontractors' suits against Defendant. First, Defendant argues that the evidence is not relevant under Federal Rule of Evidence 401 and so should be excluded under Rule 402. Second, Defendant argues that, even if relevant, any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury, and so should be excluded under Rule 403.[1]

Plaintiff responds that the evidence of the DHL-related litigation is relevant because the prior litigation arises out of the same construction project as that at issue in the instant case. Moreover, Plaintiff contends that evidence of the other lawsuits has significant probative value because Defendant "repeatedly promised to pay [Plaintiff] after the litigation with DHL's subcontractors was completed." [84, at 2.] Plaintiff contends that these alleged statements contradict Defendant's claims that Plaintiff contributed to the delay in opening the pool and show that Defendant believed that Plaintiff had substantially performed and was entitled to the full contract amount.

---

[1] Defendant also cites to Rules 404(b) (inadmissible character evidence) and Rule 608(b) (inadmissible evidence of conduct of a witness) as additional grounds of exclusion, but never develops this argument. Defendant instead focuses on Rule 402 and 403 grounds for exclusion.

Both parties acknowledge that party admissions made in one lawsuit cannot be judicial admissions in another. See *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996). However, it is not at all clear that the statements that Defendant allegedly made to Plaintiff about the DHL-related litigation were made in pleadings or during depositions, settlement negotiations, or other proceedings in the prior litigation. Plaintiff does not claim that the statements constitute judicial admissions, but suggests that the statements, though they reference the other lawsuits, were made to Plaintiff independent of the court proceedings and court filings in the DHL-related litigation. Based on that understanding, the Court sees no basis for excluding evidence of the statements in a pretrial motion *in limine* ruling.

The Court reminds the parties that the outcome of a lawsuit cannot be used in subsequent suits as evidence of underlying facts. See *Greycas Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987); *Fairley v. Andrews*, 423 F. Supp. 2d. 800, 811-12 (N.D. Ill. 2006). The Court therefore grants Defendant's motion *in limine* to the extent that Plaintiff may seek to introduce any evidence about the outcome of the DHL-related litigation. However, references to the *existence* of prior litigation may be allowed. *Fairley*, 423 F. Supp. 2d. at 811-12 (admitting evidence of prior litigation involving same defendants before same district court judge as "relevant and proper in this case because it is evidence of Defendants' alleged motive to harass and retaliate against Plaintiffs," but barring evidence of the outcome of the litigation as hearsay and unfairly prejudicial). The Court therefore denies Defendant's motion *in limine* to the extent that it seeks to bar any evidence of the existence of the DHL-related litigation.[2]

---

[2] Except as necessary to establish the context for the alleged promises to pay after the conclusion of the subcontractor litigation, it is unclear what purposes evidence of Defendant's litigation with other parties would have to the contract dispute in the present litigation. Accordingly, the Court's ruling is limited to the issues raised in the motion *in limine* briefing and is without prejudice to any appropriate objections that Defendant may raise at trial.

4

Defendant also seeks to exclude from evidence a February 12, 2003, memorandum from the Superintendant of Parks to the Director of Parks and Recreation ("the Bell memorandum"). The memorandum provides in pertinent part:

> Finance has the payment to Burbach Aquatics at $343,558 or the total amount of the design contract. It should be noted that the project management portion of the contract with Burbach was not issued a PO. That amount is $134,959.72 or 4% of total construction cost of $3,373,993. The amount owed Burbach Aquatics to date is $136,250.19.

[See attachment to 84-1, at 3]. The memorandum also lists the amount $136,250.19 next to Plaintiff's name under the heading "Liabilities Remaining." *Id.*

Plaintiff interprets the above-quoted statement to be an admission that Defendant owed Plaintiff the full amount of the contract – *i.e.,* an admission that Plaintiff had fully performed its contractual duties. Defendant, by contrast, interprets the memorandum as "clearly stat[ing] that the money in question was being *withheld* from Plaintiff due to Plaintiff's failure to perform its contractual obligations in the construction of the Lords Park Pool." [87, at 3] Both sides may well be reading more into the Bell memorandum than its text will support. Whatever the interpretation, even if the memorandum does not contain an admission, its content at least meets the low threshold of relevancy under Rule 401 and thus is not excludable on Rule 402 grounds. In addition, the Court is not persuaded that direct and cross-examination on the few lines of pertinent information contained in the memorandum would unduly prejudice Defendant, mislead the jury, or confuse the issues of the case. With the exception of any portions of the memorandum that reference the outcome of the DHL-related litigation (see above), the Bell memorandum is admissible, and Defendant's motion *in limine* to exclude it is denied.

5

## C. Evidence of Any Funds that Defendant Withheld from Contractor DHL

Defendant's motion *in limine* also seeks to bar evidence of the $131,000 that it withheld from DHL on the ground that Defendant believed that DHL had failed to perform its obligations on the Lords Park Pool project. Defendant first contends that the withheld funds are not relevant to the issue of whether Defendant suffered damages as a result of Plaintiff's alleged failure to substantially perform. Defendant next contends that the evidence is not relevant because DHL could sue Defendant to recover the money (rendering any argument that Defendant was not damaged irrelevant). Defendant also contends that the evidence is irrelevant because Defendant is not seeking any money damages or offset from Plaintiff for losses it incurred as a result of DHL's alleged failure to perform. Finally, Defendant argues that even if the Court concludes that the evidence has some probative value, any such value would be substantially outweighed by its potential to unduly prejudice Defendant, confuse the issues, or mislead the jury, and thus should be excluded under Rule 403.

Plaintiff's argument, though far from clear, appears to be that Defendant cannot hold both DHL and Plaintiff responsible for the delay in opening the Lords Park Pool; if Defendant withheld funds from DHL, Plaintiff suggests, it must believe that DHL alone was responsible for the delay. This argument is unpersuasive. Plaintiff has not provided any support for its conclusion that the evidence of withheld funds as a result of any dispute between Defendant and DHL is relevant to the dispute between Defendant and Plaintiff that is the subject of this litigation. Moreover, even if evidence of funds withheld from DHL were marginally relevant, such evidence would be likely to confuse the issues and mislead the jury, thus running afoul of Rule 403. The Court therefore grants Defendant's motion *in limine* with respect to evidence of funds withheld from DHL.

**III.	Conclusion**

For the reasons and to the extent stated above, the Court denies as moot Defendant's motion *in limine* with respect to the non-disclosed witnesses, denies in part and grants in part the motion *in limine* with respect to evidence of prior lawsuits, denies the motion *in limine* with respect to the Bell memorandum, and grants the motion *in limine* with respect to evidence of funds that Defendant withheld from DHL for the Lords Park Pool project.

Dated: January 18, 2011

                                                Robert M. Dow, Jr.
                                                United States District Judge